IN THE UNITED STATES DISTRICT COURT FOR THE
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:04cr252

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MARK LOWERY | ) | |

**THIS MATTER** is before the Court upon the motion of the defendant for a new trial and request for a hearing. (Doc. No. 41).

Initially, the Court notes that the defendant is in error where he recites that he obtained authorization from the Court to hire an investigator to obtain statements from jurors regarding their verdict. (Doc. No. 41: Motion at ¶ 3). Although the Court allowed the defendant's ex parte motion for an investigator to be filed under seal (Doc. No. 21), the Court denied the motion to hire an investigator on the basis that the defendant had made no showing that outside influences improperly affected the jury (Doc. No. 22: Order).

Even after investigation and contact with jurors, the defendant still only claims that jurors "compromised" in reaching their verdict. (Doc. No. 41: Motion at ¶ 5). A motion for new trial may not be granted where it is based on allegations that jurors gave into pressure from other jurors during deliberations. United States v. Johnson, No. 98-4329, 187 F.3d 632, at *13-14 (4th Cir. July 27, 1999) (citing United States v. Roach, 164 F.3d 403, 413 (8th Cir. 1998). Thus, there is no need for a hearing because Rule 606(b) of the Federal Rules of Evidence "prohibits all inquiry into a juror's mental process in connection with the verdict." United States v. Cheek, 94 F.3d 136, 143 (4th Cir. 1996) (citing Tanner v. United States, 483 U.S. 107, 117-122 (1987)).

**IT IS, THEREFORE, ORDERED** that the defendant's motion for new trial and request for a hearing are **DENIED**.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, and the United States Attorney.

Signed: February 13, 2006

Robert J. Conrad, Jr.
United States District Judge