IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:04cr252

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs. )<br>)<br>)<br>MARK LOWERY (3) )<br>) | ORDER |

**THIS MATTER** is before the Court upon motion of the defendant for appeal bond. (Doc. No. 93).

The defendant was convicted after a jury trial of possession of marijuana with intent to distribute (Count Two) and acquitted of conspiracy to possess with intent to distribute marijuana (Count One) and possession of a firearm in furtherance of a drug trafficking crime (Count Three) on August 10, 2005. (Doc. No. 19: Jury Verdict). The defendant was allowed to remain on bond pending sentencing, and then pending execution of his sentence. (Doc. No. 76: TR at 31-33). The Court denied the defendant's motion to delay his report date (Doc. No. 63), but the defendant never moved to stay execution of his sentence pending appeal. The sentence was executed on May 8, 2006 (Doc. No. 84: Return of Judgment Executed), and the defendant is serving his sentence at a federal institution (Doc. No. 93: Motion at ¶ 7).

The defendant now seeks release from confinement pursuant to 18 U.S.C. § 3143(b) pending appeal. The defendant has offered no authority to establish the Court's power to place the defendant on bond following the execution of his sentence. Assuming, without deciding that

the Court has that power[1], the Court finds that the defendant has not met the requirements under the Bail Reform Act for release pending appeal.

A defendant may be released if the judicial officer finds:

    (A)    by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; <u>and</u>

    (B)    that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in-
        (i)    reversal,
        (ii)    an order for a new trial,
        (iii)    a sentence that does not include a term of imprisonment, or
        (iv)    a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1)(emphasis added). In its previous decisions allowing the defendant to remain on bond, the Court implicitly found by clear and convincing evidence that he was not likely to flee or pose a danger to the safety of any other person or the community under the conditions of release imposed. Thus, § 3143(b)(1)(A) has been satisfied.

Regarding the second requirement under § 3143(b)(1)(B), a "substantial" question is " 'a 'close' question or one that very well could be decided the other way." <u>United States v. Steinhorn</u>, 927 F.2d 195, 196 (4th Cir. 1991) (quoting <u>States v. Giancola</u>, 754 F.2d 898, 901 (11th Cir. 1985)). Here, the defendant claims his appeal presents a substantial question of law regarding the sufficiency of the evidence, ineffective assistance of counsel, and errors in sentencing. (Doc. No. 93: Motion at ¶ 7). Having conducted the trial of this case, the Court finds that none of these issues are "close" or likely to be decided the other way, nor are they likely to result in a reversal of

---

[1] <u>See</u> <u>e.g.</u> <u>United States v. Oberhauser</u>, 2004 WL 415254, at *6 (D. Minn. March 1, 2004) (unpublished decision)(recognizing open issue).

his conviction or a substantial shortening of his sentence.  A bulk quantity of marijuana was found in the defendant's vehicle at a pre-arranged drug transaction, there was no basis to suppress that evidence, and the Court was authorized to find facts in determining the advisory guideline range.

**IT IS, THEREFORE, ORDERED** that the defendant's motion is **DENIED**.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, to the United States Attorney, the United States Marshals service, and the U.S. Probation office.

Signed: October 20, 2006

Robert J. Conrad, Jr.
Chief United States District Judge